UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**R.F. GARCIA,**
    Plaintiff,

vs.

**CAN-AM ELECTRIC, LLC**                          **JURY TRIAL DEMANDED**
    Defendant.
_____/

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff, RIDER GARCIA, through his undersigned attorney, and files this Complaint against Defendant, Can-Am Electric, LLC and states:

## JURISDICTION AND VENUE

1. This is an action arising under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq* and the Americans with Disabilities Act of 1990 pursuant to 42 U.S.C. § 12203(a)-(b). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to these federal laws.

2. The Plaintiff Rider Garcia is a resident of Miami-Dade County, Florida at the time this dispute arose and is *sui juris*.

3. The Defendant, Can-Am Electric, LLC is a Florida Limited Liability Corporation registered to do business in Florida, with its headquarters located in Boynton Beach, Florida.

4. Venue is proper in this Court because Plaintiff was a resident of Miami-Dade County, Florida, at the time this dispute arose, and Plaintiff worked for Defendant as an

electrician from 2014 through October 2020 when Defendant wrongfully terminated Plaintiff's employment in Miami, among other places.

5. The acts and/or omissions giving rise to this Complaint arose in Miami, Florida.

## PROCEDURAL PREREQUISITES

6. All conditions precedent to the filing of this action have been met by Plaintiff in that he has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has exhausted all other administrative remedies from said agency to pursue this case.

## FACTS

7. Plaintiff began working for Defendant in September 2014 as an electrician.

8. In May 2020, Plaintiff had to undergo knee replacement surgery.

9. As a result of the knee surgery, Plaintiff was on medical leave for three months.

10. In August 2020, Plaintiff returned to work with no restrictions from his doctor.

11. Two months after Plaintiff returned to work, he was fired by Gabriel Palma and Rodolfo Gonzalez who were the foremen that oversaw the Dadeland Mall Project Plaintiff was staffed to work.

12. When Plaintiff asked why he was being fired, Gabriel Palma and Rodolfo Gonzalez stated that work was "slow" and that Alex Stanziola—Gabriel, Rodolfo, and Plaintiff's supervisor—made the decision.

13. This answer was pretext as there was a significant amount of work to be done on the Dadeland Mall Project.

14. Defendant told Plaintiff that if there was more work in the Pompano or Miami-Dade/Broward area, he would receive a call to be staffed on the assignment.

15. Defendant staffed other individuals on a project in Pompano Beach as well as in another area such as Boca Raton.

16. Plaintiff never received a call from Defendant to work on any other projects it was actively staffing during its alleged slow period.

17. Defendant terminated two more employees over the age of 40 as well and only retained employees under the age of 40 with no perceived disabilities.

### COUNT I. DISCRIMINATION BASED ON AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621, *et seq.*

18. Plaintff re-alleges the factual and jurisdictional statements in paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a 62-year-old man.

20. At the time of termination, Plaintiff was 62 years old.

21. During the time that Plaintiff was employed by Defendant, Defendant had only a few workers employed over the age of 40.

22. On the day Plaintiff was fired, Defendant fired another employee who was over 50 years old.

23. A few months later, Defendant fired the only other employee over 40 years old.

24. Defendant's remaining workforce were all individuals under the age of 40.

25. As a direct and proximate result of the Defendant's conduct that violated 29 U.S.C. §621 *et seq.*, Plaintiff suffered damages, including lost wages, lost benefits, and attorney's fees.

### COUNT II. DISCRIMINATION BASED ON DISABILITY UNDER THE AMERICANS WITH DISABILITIES ACT

26. Plaintiff re-alleges the factual jurisdictional statements in paragraphs 1 through 17 as though fully set herein.

27. Defendant violated §102(a) of the Americans with Disabilities Act, 42 U.S.C. § 12112(a) by terminating Plaintiff upon his return to work from his knee replacement surgery by perceiving Plaintiff as disabled.

28. Plaintiff was qualified for the job with Defendant and was able to perform the essential functions without an accommodation.

29. Plaintiff suffered an adverse employment action when Defendant fired him.

30. As a direct and proximate result of this discrimination, Plaintiff has suffered economic injuries, resulting in damages in an amount to be proven at trial.

## DAMAGES

31. As a direct and proximate result of the aforementioned acts, Plaintiff suffered loss of wages—past, present, and future—as well as compensatory damages, including, but not limited to, emotional distress.

## PUNITIVE DAMAGES

32. Defendant's actions were intentional, willful, harsh, oppressive, and malicious. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## ATTORNEY'S FEES

33. Defendant's actions and conduct, as described herein, and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the service of attorneys in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## PRAYER FOR RELIEF

34. WHEREFORE, Plaintiff requests lost wages, lost benefits, compensatory damages, front pay, and attorney's fees from Defendants under the ADEA and the ADA and any other applicable law.

## JURY TRIAL DEMAND

35. Plaintiff requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted this 26th day of August 2021,

**COANE AND ASSOCIATES, PLLC**

By: */s/Arthur Mandel*
Arthur Mandel
Florida Bar No: 22753
Email: arthur.mandel@coane.com
Shannon Crosby
Florida Bar No. 1010207
Email: Shannon.crosby@coane.com
1250 E. Hallandale Beach Blvd., Suite 303
Phone: (305) 538-6800
Fax: (866) 647-8296
***ATTORNEYS FOR PLAINTIFF***

OF COUNSEL:
**COANE AND ASSOCIATES, PLLC**

**Bruce A. Coane**
bruce.coane@gmail.com
S.D. Texas #7205
5177 Richmond Avenue, Suite 770
Houston, Texas 77056
Phone: (713) 850-0066
Fax: (866) 647-8296
***OF COUNSEL FOR PLAINTIFF***